ESTADO LIBRE ASOCIADO DE PUERTO RICO
EN EL TRIBUNAL DE APELACIONES
PANEL V

| SONIA KABA KABA<br><br>Recurrido<br><br>v.<br><br>BETSIANNE SEBELEN CORUJO Y OTROS<br><br>Peticionarios | KLCE202500279 | *CERTIORARI* procedente del Tribunal de Primera Instancia Sala Superior de Bayamón<br><br>Civil Núm.: BY2022CV6236<br><br>Sobre: Cobro de dinero; y daños y perjuicios |
| --- | --- | --- |

Panel integrado por su presidente, el Juez Hernández Sánchez, el Juez Bonilla Ortiz y la Jueza Mateu Meléndez.

Bonilla Ortiz, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico a 5 de mayo de 2025.

Comparece ante este foro la Sra. María Del Lourdes Bergantiños (señora Bergantiños o "la peticionaria") y nos solicita que revisemos una *Resolución Interlocutoria* emitida por el Tribunal de Primera Instancia, Sala Superior de Bayamón, notificada el 10 de enero de 2025. Mediante el aludido dictamen, el foro primario declaró No Ha Lugar la *Solicitud de Desestimación* presentada por esta.

Por los fundamentos que se exponen a continuación, **DENEGAMOS** expedir el auto de *certiorari*.

I.

El 7 de diciembre de 2022, la Sra. Sonia Kaba Kaba (señora Kaba) presentó una *Demanda* en cobro de dinero y daños y perjuicios en contra de la Sra. Betsianne Sebelén Corujo (señora Sebelén o "la recurrida").[1] En esencia, alegó que señora Sebelén estuvo residiendo en una

_____

[1] *Demanda*, Anejo I, págs. 1-5 del apéndice del recurso.

propiedad la cual fue forzada a desocupar por virtud de una *Sentencia* emitida en el caso de desahucio BY2021CV00765. No obstante, sostuvo que, al momento de examinar la propiedad, se percató que estaba en el peor estado posible. A su vez, indicó que la recurrida removió y se apropió ilegalmente de varios bienes muebles. Enfatizó que, la señora Sebelén era responsable de devolver la residencia en las mismas condiciones en que la recibió. Por ello, solicitó la suma de $135,378.00, costas, gastos y honorarios de abogados.

En respuesta, el 28 de abril de 2023, la señora Sebelén presentó su *Contestación a Demanda y Reconvención* en la cual negó la mayoría de las alegaciones.[2] Además, arguyó que la señora Kaba y la familia de su exesposo, el Sr. Jaime Javier Cols, realizaron campañas de ataque, hostigamiento y maltrato hacia su persona y su hija, incluso solicitaron la desconexión de las utilidades de agua y luz. Esbozó que, la residencia de la cual fue desalojada había sido regalada a ella y a su exesposo. Asimismo, añadió que la señora Kaba estaba reclamando bienes que no eran de ella. En virtud de lo anterior, solicitó que se le devolviera la propiedad, una suma no menor de $750,000.00 por concepto de daños y perjuicios, entre otros.

Por su parte, el 21 de julio de 2023, la señora Kaba presentó su *Contestación a la Reconvención*.[3] Mediante la cual, informó que la propiedad nunca estuvo

---

[2] *Contestación a Demanda y Reconvención*, Anejo II, págs. 6-12 del apéndice del recurso.
[3] *Contestación a la Reconvención*, Anejo III págs. 13-17 del apéndice del recurso.

sin servicio de energía eléctrica, y sobre el corte en el servicio de agua, explicó que fue por un breve periodo de tiempo, por una alegada intervención indebida con el contador. No obstante, aclaró que la residencia tenía cisterna. En cuanto a la titularidad de la propiedad, reiteró que había sido establecida mediante *Resolución* y *Sentencia* en casos previos, que la señora Sebelén no tenía ningún derecho sobre ella.

Luego de varias incidencias procesales, el 31 de mayo de 2024, la señora Sebelén presentó una *Demanda Contra Tercero* en contra de la señora Bergantiños.[4] En síntesis, manifestó que, como parte del descubrimiento de prueba, surgió que fue esta quien personalmente solicitó el corte de los servicios de agua, haciéndose pasar por la señora Kaba. Al obtener dicha información, presentó la demanda de tercero en contra de la peticionaria, nuera de la demandante y madre del señor Cols. Añadió que, el Lcdo. José A. Hernández Vélez (licenciado Hernández), abogado de la peticionaria, participó de una de las llamadas al Centro de Servicios de la AAA. Por lo que, solicitó la descalificación de este como representante legal de la señora Kaba.[5]

Posteriormente, el 18 de noviembre de 2024, la señora Bergantiños presentó una *Moción de Desestimación*.[6] En esta, indicó que la *Demanda Contra Tercero* estaba prescrita. Sostuvo que era evidente que, al momento de presentar la *Demanda Contra Tercero* la recurrida conocía el daño, que el mismo pudo haber

---

[4] *Demanda Contra Tercero*, Anejo IV, págs. 18-45 del apéndice del recurso.
[5] El 3 de septiembre de 2024, el foro primario notificó su *Resolución*, en la cual concedió la solicitud de descalificación el licenciado Hernández.
[6] *Moción de Desestimación*, Anejo V, págs. 46-51 del apéndice del recurso.

ocurrido por sus acciones u omisiones y el nexo causal de dicho daño. Señaló que, desde que la señora Sebelén presentó su reconvención el 28 de abril de 2023, conocía que era miembro de la familia Cols, quienes conformaban un grupo para alegadamente atacarla y hacerle daño. Sin embargo, señaló que no fue hasta el 31 de mayo de 2024, que esta presentó la *Demanda Contra Tercero*.

En desacuerdo, el 26 de diciembre de 2024, la señora Sebelén presentó su *Oposición a Solicitud de Desestimación*.[7] En esencia, alegó que, incoó la *Demanda Contra Tercero* luego de que advino en conocimiento de que fue la peticionaria, y no la señora Kaba, quien realizó las llamadas para la solicitud del corte de los servicios básicos en su hogar. Por tanto, razonó que presentó la *Demanda Contra Tercero* dentro del término prescriptivo de (1) año, por lo que su causa de acción no estaba prescrita.

Luego de evaluar las mociones presentadas por las partes, el 10 de enero de 2025, el foro primario notificó una *Resolución Interlocutoria* en la cual declaró No Ha Lugar la *Solicitud de Desestimación*.[8] Inconforme, el 27 de enero de 2025, la peticionaria presentó su *Moción de Reconsideración*.[9] Por su parte, el 14 de febrero de 2025, la recurrida presentó su *Oposición a Solicitud de Reconsideración*.[10] Ambas partes reiteraron sus planteamientos.

---

[7] *Oposición a Solicitud de Desestimación*, Anejo VI, págs. 52-68 del apéndice del recurso.
[8] *Resolución Interlocutoria*, Anejo VII, pág. 69 del apéndice del recurso.
[9] *Moción de Reconsideración*, Anejo VII, págs. 70-73 del apéndice del recurso.
[10] *Oposición a Solicitud de Reconsideración*, Anejo IX, págs. 74-82 del apéndice del recurso.

El 18 de febrero de 2025, el foro primario emitió su *Resolución* declarando No Ha Lugar la *Moción de Reconsideración*.[11]  Aún insatisfecha, la peticionaria presentó el recurso de epígrafe que nos ocupa y señaló el siguiente señalamiento de error:

> Erró el TPI al denegar nuestra petición de desestimación que buscaba se desestimara la demanda de tercero en contra de la peticionaria por estar la misma prescrita debido a que la tercera demandante conocía de la identidad de la peticionaria más de un año antes de presentar la demanda contra tercero.

El 26 de marzo de 2025, emitimos una *Resolución* mediante la cual concedimos quince (15) días a la parte recurrida para comparecer por escrito y presentar su postura.  Transcurrido el término dispuesto, la parte recurrida no compareció.  Por consiguiente, declaramos perfeccionado el recurso de epígrafe y procedemos a su disposición, conforme a derecho.

II.

El auto de *certiorari* es el recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar, a su discreción, una decisión de un tribunal inferior.  *Rivera Gómez y otros v. Arcos Dorados Puerto Rico, Inc. y otros*, 212 DPR 194 (2023).  Véase, además: *Torres González v. Zaragoza Meléndez*, 211 DPR 821 (2023); *800 Ponce de León Corp. v. AIG*, 205 DPR 163, 174 (2020).  En particular, es un recurso mediante el cual se solicita la corrección de un error cometido por un foro inferior.  *Torres González v. Zaragoza Meléndez*, supra.  Así pues, la determinación de expedir o denegar un recurso de *certiorari* está enmarcada en la discreción judicial.  *800 Ponce de León Corp. v. AIG*, supra.  No

---

[11] *Resolución*, Anejo X, págs. 82-83 del apéndice del recurso.

obstante, la discreción judicial para expedir o no el auto de *certiorari* solicitado no ocurre en un vacío ni en ausencia de unos parámetros. *Torres González v. Zaragoza Meléndez*, supra.

A esos efectos, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, limita la autoridad de este Tribunal de Apelaciones para revisar las órdenes y resoluciones interlocutorias que dictan los tribunales de instancia por medio del recurso discrecional del *certiorari*. *Scotiabank of PR v. ZAF Corp.*, 202 DPR 478, 486-487 (2019). En lo pertinente, la precitada disposición reglamentaria, *supra*, dispone que:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia, al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

Si ninguno de esos elementos está presente en la petición ante la consideración del Tribunal, procede abstenerse de expedir el auto, de manera que se continúen los procedimientos del caso, sin mayor dilación, ante el Tribunal de Primera Instancia. *García v. Asociación*, 165 DPR 311, 322 (2005); *Meléndez Vega v. Caribbean Intl. News*, 151 DPR 649, 664 (2000).

Con el fin de que podamos ejercer de una manera sensata nuestra facultad discrecional de entender o no en los méritos de los asuntos que son planteados mediante el recurso, la Regla 40 de nuestro Reglamento, 4 LPRA Ap. XXII-B, señala los criterios que debemos considerar al atender una solicitud de expedición de un auto de *certiorari*. *Torres González v. Zaragoza Meléndez*, supra. En lo pertinente, la precitada disposición reglamentaria dispone lo siguiente:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari*, o de una orden de mostrar causa:
>
> A. Si el remedio y la disposición de la decisión recurrida a diferencia de sus fundamentos son contrarios a derecho.
>
> B. Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> F. Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Nótese que, distinto al recurso de apelación, el auto de *certiorari*, por ser un recurso discrecional, debemos utilizarlo con cautela y por razones de peso. *Pueblo v. Díaz de León*, supra, pág. 918.

Ahora bien, nuestro Tribunal Supremo ha reiterado que la discreción significa poder para decidir en una u otra forma, esto es, para escoger entre uno o varios cursos de acción. *Pueblo v. Rivera Santiago*, 176 DPR 559, 580 (2009); *García v. Padró*, 165 DPR 324, 334 (2005). El adecuado ejercicio de la discreción judicial está "inexorable e indefectiblemente atado al concepto de la razonabilidad". *Pueblo v. Ortega Santiago,* 125 DPR 203, 211 (1990). Así pues, un tribunal apelativo no intervendrá con las determinaciones discrecionales de un tribunal sentenciador, a no ser que las decisiones emitidas por este último sean arbitrarias o en abuso de su discreción. *Pueblo v. Rivera Santiago*, supra, pág. 581; *SLG Flores, Jiménez v. Colberg*, 173 DPR 843 (2008).

III.

En el recurso que nos ocupa, la peticionaria aduce que el foro primario incidió al denegar la Moción de Desestimación. Ello por estar prescrita la Demanda Contra Tercero, debido a que la recurrida conocía su identidad a más de un (1) año de presentar la Demanda Contra Tercero.

Ahora bien, examinado el recurso de *certiorari* en conjunto con los escritos que obran en el expediente, a tenor con los criterios esbozados tanto en la Regla 52.1 de Procedimiento Civil, *supra*, y los de la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, concluimos que este caso no amerita nuestra intervención en esta etapa. En este sentido, es norma reiterada que los foros revisores no intervendremos con las determinaciones de los tribunales revisados, a menos que estas sean contrarias a derecho o exista un abuso de discreción. A tales efectos, la parte peticionaria no

demostró que el foro primario haya aplicado el derecho incorrectamente, abusado de su discreción o alguna otra razón para justificar nuestra intervención. Por lo cual, procede denegar el recurso de *certiorari*.

IV.

Por los fundamentos antes expuestos, **DENEGAMOS** la expedición del auto de *certiorari*.

Lo pronunció y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones